IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JEROME VAN, JR.                                                                    PETITIONER

VERSUS                                     CIVIL ACTION NO. 3:14CV806 HTW-LRA

LEPHER JENKINS,
WARDEN of WALNUT GROVE CORRECTIONAL FACILITY,
and STATE of MISSISSIPPI                                                        RESPONDENTS

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jerome Van Jr., filed a petition for writ of habeas corpus relief on September 29, 2014. Respondent filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that the instant petition should be dismissed for failure to exhaust state court remedies pursuant to 28 U.S.C. § 2254. The Court recommends that the petition be dismissed for the reasons that follow.

By order filed on August 1, 2012, Petitioner Van was sentenced to serve concurrent prison terms in the custody of the Mississippi Department of Corrections following his conviction in the Circuit Court of Madison County, Mississippi, for armed car jacking (Count I); armed robbery (Count II); and, kidnaping (Count III). Van was sentenced pursuant to a guilty plea to 30 years imprisonment on Count I; 50 years on Count II (with a provision that 20 years be suspended); and, 30 years on Count III. He was also sentenced to serve 5 years supervised probation upon his release from custody. On October 1, 2013, Van filed a Motion for Post-Conviction Relief to Vacate and Set Aside Conviction and Sentence, signed September 23, 2013. The motion was denied by

the Madison County Circuit Court on July 8, 2014.  Van did not appeal the denial of his motion for post-conviction relief to the Mississippi Supreme Court.  The instant petition for federal habeas relief was filed unsigned on September 29, 2014.[1]

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition under 28 U.S.C. § 2244(d)(1).  AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2)The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion

---

[1] ECF No. 18-1–18-4.  The record reflects that Van failed to attach a signature page to his petition for habeas relief, and no mailing date is reflected on the corresponding envelope.

for post-conviction relief is pending in state court. *Jones v. Stephens,* 541 F. App'x 499, 504 (5th Cir. 2013). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Sutton v. Cain,* 722 F.3d 312, 317 (5th Cir. 2013) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Mississippi law prohibits prisoners who plead guilty from filing a direct appeal. Miss. Code. Ann. § 99-35-101.[2] Van's conviction therefore became final on August 1, 2012, the date he was sentenced by the trial court. To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before August 1, 2013. Because he did not file a motion for post-conviction relief prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from August 1, 2012, to August 1, 2013. Absent equitable or statutory tolling, his federal habeas petition filed on September 29, 2014 is untimely.[3]

---

[2]Miss. Code Ann. § 99-35-101 provides that:

> Any person convicted of an offense in a circuit court may appeal to the Supreme Court. However, where the defendant enters a guilty plea and is sentenced, then no appeal from the circuit court to the Supreme Court shall be allowed.

[3]Although Van failed to attach a signature page to his petition for habeas relief, and no mailing date is reflected on the corresponding envelope, he is credited the standard three days for

Van has filed no response or otherwise challenged the motion to dismiss. Accordingly, he has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the one-year statute of limitations. *Holland*, 130 S.Ct. at 2562. In the absence of any evidence warranting statutory or equitable tolling, Van's habeas petition is barred by the statute of limitations, and should be dismissed with prejudice. Because the Court so finds, it declines to address Respondent's alternative argument that Petitioner has also failed to exhaust his state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking

---

mailing. *See Coleman v. Johnson*, 184 F. 3d 398, 401 (5th Cir. 1999) ("Under the mailbox rule, a prisoner's federal habeas corpus petition is deemed filed when he delivers the petition to prison officials for mailing to the district court.").

on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    This the 4th day of February, 2015.

                                    /s/ Linda R. Anderson  
                         UNITED STATES MAGISTRATE JUDGE